IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CV-418-BO

| | | |
|---|---|---|
| DARRYL FULTON,<br>Plaintiff, | )<br>)<br>) | |
| v. | )<br>) | ORDER |
| DUKE UNIVERSITY,<br>Defendant. | )<br>)<br>) | |

This cause comes before the Court on defendant's motion to dismiss for lack of personal jurisdiction, insufficient process, and insufficient service of process pursuant to Rules 12(b)(2), 12(b)(4), and 12(b)(5) of the Federal Rules of Civil Procedure. Plaintiff, who proceeds in this action *pro se*, has filed a motion for summary judgment, a motion for leave to properly serve defendant's registered agent, and a motion for an extension of time for legal representation. For the reasons that follow, defendant's motion is denied without prejudice, plaintiff's motion for summary judgment is denied, plaintiff's motion for leave is granted, and plaintiff's motion for an extension of time for legal representation is denied.

## BACKGROUND

Plaintiff alleges claims of employment discrimination against his employer, Duke University, and contends that he has been exposed to and experienced a hostile and racially biased working environment. [DE 20]. Plaintiff was granted *in forma pauperis* status, and on December 22, 2020, the United States Marshals Service filed a return receipt demonstrating that plaintiff's summons had been executed. [DE 24]. The summons was addressed to Duke University, 705 Broad St., Durham, North Carolina.

On March 5, 2021, plaintiff moved for summary judgment, arguing that despite having been served, defendant had not responded to plaintiff's complaint. On April 7, 2021, defendant appeared and moved to dismiss plaintiff's complaint. Defendant argues that the Court lacks personal jurisdiction over it because it has not been served properly. Defendant further challenges the sufficiency of process and the sufficiency of service of process. On April 28, 2021, plaintiff moved for leave to properly serve defendant's registered agent. Defendant did not file a response to plaintiff's motion. On April 30, 2021, plaintiff filed a motion for extension in which he seeks legal representation, citing this district's Pro Bono Panel.

## DISCUSSION

Rules 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure provide for dismissal of a complaint for insufficient process and insufficient service of process. Rule 4 describes the requirements for service of process. A plaintiff must either serve all defendants with process, obtain a waiver of service of process, or provide good cause for delay within ninety days of filing a complaint. Fed.R.Civ.P. 4(d) & (m). Process consists of a summons and copy of the complaint. Fed.R.Civ.P. 4(c).

Defendant has demonstrated that plaintiff's summons was defective and that the service of process against it was improper. *See Benitez v. Maxim Healthcare Servs.*, No. 1:12CV1195, 2013 U.S. Dist. LEXIS 95253, at *9 (M.D.N.C. July 9, 2013). The summons completed by plaintiff was not addressed to an officer, agent or director of defendant. Fed. R. Civ. P. 4(h)(1); N.C. R. Civ. P. 4(j)(6). Indeed, defendant only discovered the existence of this action through its own litigation review methods.

However, the Court construes plaintiff's motion for leave to serve defendant's registered agent as a motion for extension of time to effect proper service under Fed. R. Civ. P. 4(m). Rule

2

4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Accordingly, the Court will permit plaintiff a brief additional period within which to attempt to effect proper service and service of process against defendant. A second extension of the deadline within which to effect proper service will not be granted. *See Shaver v. Cooleemee Volunteer Fire Dep't*, No. 1:07cv00175, 2008 U.S. Dist. LEXIS 28921, at *6 (M.D.N.C. Apr. 7, 2008) (service rules to be strictly construed). Defendant's motion challenging service will therefore be denied without prejudice to defendant challenging any subsequent service or process.

Plaintiff's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure is premature and without merit. The motion is denied. Plaintiff's motion for extension to seek pro bono counsel is denied as moot as plaintiff's case has already been submitted to this district's Pro Bono Panel.

## CONCLUSION

Defendant's motion to dismiss [DE 29] is DENIED WITHOUT PREJUDICE to defendant raising similar defenses should subsequent service be improperly effected. Plaintiff's motion for summary judgment [DE 25] is DENIED. Plaintiff's motion for leave to properly serve registered agent [DE 32] is GRANTED. Plaintiff's motion for extension of time for legal representation [DE 33] is DENIED AS MOOT.

Plaintiff is permitted through and including July 9, 2021, to complete and return to the Court new summons for issuance by the clerk. Plaintiff is cautioned to comply with the requirements of Rule 4 of the Federal Rules of Civil Procedure as the Court will not permit a second extension of time to serve defendant. Upon plaintiff's return of completed summons, the

3

clerk will issue the summons and provide the issued summons, a copy of the amended complaint, and a copy of this order to the United States Marshals Service for service. The clerk shall provide blank summons to plaintiff with service of this order.

SO ORDERED, this __28__ day of June, 2021.

_Terrence W. Boyle_
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE